```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT


JAMES A. HARNAGE,                 :
     Plaintiff,                   :
                                  :
     v.                           :    Civil No. 3:16-cv-675(AWT)
                                  :
DR. WU, et al.,                   :
     Defendants.                  :
```

**RULING ON RENEWED MOTION TO DISMISS [ECF No. 63]**

The plaintiff, James A. Harnage, commenced this civil rights action pro se against 42 defendants. On September 1, 2016, the court issued an Initial Review Order finding that the complaint did not comply with Federal Rules of Civil Procedure 8 and 20, and ordering the plaintiff to file an amended complaint that complied with those rules. ECF No. 8. The plaintiff filed an amended complaint. On September 16, 2016, the court issued a second Initial Review Order finding that the amended complaint failed to comply with the prior order and affording the plaintiff one last chance to file an amended complaint in compliance with the rules. ECF No. 10.

On November 15, 2016, the plaintiff filed a second amended complaint including only Dr. Wu and Nurse Vecchairelli as defendants and asserting a claim for deliberate indifference to a serious medical need. ECF No. 13. The court ordered that the

second amended complaint be served on defendants Wu and Vecchairelli. ECF No. 15. Both defendants filed motions to dismiss. On September 5, 2017, the court granted defendant Wu's motion but denied defendant Vecchairelli's motion. ECF No. 43.

Defendant Vecchairelli has filed a renewed motion to dismiss asking the court to dismiss this case under 28 U.S.C. § 1915(e)(2)(B)(ii) in light of admissions by the plaintiff evidenced in filings by him in this case. For the reasons that follow, defendant Vecchairelli's motion is granted.

I. LEGAL STANDARD

To withstand a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a

presumption of truth.  Id.

When reviewing a motion to dismiss, the court must draw all reasonable inferences in the non-movant's favor.  Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012).  In conducting its review, the court may consider the facts alleged in the complaint, documents attached to the complaint or incorporated into the complaint by reference, and matters subject to judicial notice.  New York Pet Welfare Ass'n, Inc. v. City of New York, 850 F.3d 79, 86 (2d Cir. 2017).

II. FACTUAL ALLEGATIONS

The plaintiff has been diagnosed as a diabetic and was prescribed insulin twice a day to control his blood sugar levels.  He received the insulin by injection at "Diabetic Call."  The plaintiff would proceed to the designated area and wait in line with other inmates for his injection.

On the evening of May 27, 2013, defendant Vecchairelli was administering the insulin injections.  The syringes are designed so the needle fully retracts once the plunger has been pushed to the maximum position.  When Vecchairelli injected the inmate who was in front of the plaintiff in line, she stopped the plunger short.  She then inserted the needle into the insulin bottle to draw another dose.  The inmate in front of the plaintiff was infected with Hepatitis C.

The plaintiff asked defendant Vecchairelli if she was aware that she was contaminating the insulin vial. She disregarded his warning. The plaintiff reported the incident to the custody supervisor and submitted an emergency medical request.

The plaintiff states, however, that he was not injected with insulin from the contaminated vial. He received a different type of insulin than the inmate in front of him in line. The medical department monitored the diabetic inmates, including the plaintiff, for contamination.

III. DISCUSSION

The defendants move to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the court to "dismiss the case at any time" if the court determines that the action "fails to state a claim on which relief may be granted." In denying defendant Vecchairelli's first motion to dismiss, the court drew an inference that the plaintiff had been injected with insulin drawn from a contaminated vial. ECF No. 43 at 6. After the motion was denied, the plaintiff appended to two motions a copy of his interview with a correctional officer regarding the incident. See ECF Nos. 47-1, 48-1. In the interview, the plaintiff states that he received a type of insulin that is different from what the inmate in front of him in line received and he never was injected with insulin drawn from the contaminated vial. ECF Nos. 47-1 at 4, ¶¶16-17; 48-1

4

at 4, ¶¶16-17.

A. Judicial Notice

Defendant Vecchairelli contends that the court can take judicial notice of the document. The court agrees.

The Second Circuit has held that courts can consider court documents at the motion to dismiss stage where both parties had notice of the content of the documents and the documents are integral to the plaintiff's claim. See Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991); see also Freedberg v. J.P. Morgan Chase & Co., No. 16 CIV. 3177 (CM), 2016 WL 7495181, at *1 (S.D.N.Y. Dec. 22, 2016)(when considering a motion to dismiss, court may take judicial notice of public records and of "admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action." (quoting Harris v. New York State Dep't of Health, 202 F. Supp. 2d 143, 173 n.13 (S.D.N.Y. 2002))); Munno v. Town of Orangetown, 391 F. Supp. 2d 263, 269 (S.D.N.Y. 2005) (judicial notice taken of submissions from a related state court action where the documents "allegedly contain statements by plaintiff which contradict the factual allegations contained in the complaint").

In 5-Star Management, Inc. v. Rogers, 940 F. Supp. 512 (E.D.N.Y. 1996), the court took judicial notice of the truth of

an admission by the plaintiff's principal in a prior state court action. The court concluded that it was not necessary to convert the motion to dismiss into a motion for summary judgment because the admission of the plaintiff bore substantially on the legal sufficiency of his complaint, the plaintiff had sufficient notice that the defendant intended to ask the court to take judicial notice of the admission, the plaintiff was aware of the legal significance the defendant attached to the admission, the plaintiff did not object to consideration of the admission by the court, and the plaintiff did not disavow the admission. See id. at 519.

Here, the plaintiff himself filed the document in this case. He was made aware of the use defendant Vecchairelli intended to make of the document in the motion to dismiss, and the document has a direct impact on the legal sufficiency of his claim. Moreover, the plaintiff has acknowledged its truth in his opposition to the motion to dismiss. Although the plaintiff generally objects to consideration of the document, he provides no authority in support of his position that it should not be considered.

The argument in favor of taking judicial notice of the statement for its truth is stronger in this case than it was in 5-Star Management. The court concludes that it should take judicial notice of the document for its truth.

B.  Legal Sufficiency

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege facts showing that defendant Vecchairelli violated a right or privilege guaranteed under the Constitution or federal law.  See 42 U.S.C. § 1983 ("Every person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .").

In his second amended complaint, the plaintiff describes only one incident where defendant Vecchairelli contaminated a vial of insulin and he states that he did not receive an injection of insulin from that contaminated vial.  Thus, the plaintiff did not suffer an injury as a result of defendant Vecchairelli's alleged actions.

In opposition to the motion to dismiss, the plaintiff attempts to expand the claims in the second amended complaint.  He states that he "believes" that this was a routine practice by defendant Vecchairelli and argues that he could have received contaminated insulin on a different day.  ECF No. 75-1 at 1-2.  The plaintiff cannot amend his complaint to add new factual allegations in his memorandum in opposition to a motion to dismiss.  See Uddoh v. United Healthcare, 254 F. Supp. 3d 424, 429 (E.D.N.Y. 2017)(citing cases).

7

Moreover, even if the plaintiff had included such allegations, the claim would be dismissed as too speculative to state a plausible claim for relief. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). See Elias v. Rolling Stone LLC, 872 F.3d 97, 107 (2d Cir. 2017) (dismissing allegations merely consistent with defendants' liability as too speculative to withstand motion to dismiss).

Finally, the plaintiff alleges that, after he complained, all diabetic inmates were tested and innoculated for various diseases. To the extent the plaintiff is attempting to argue that this testing and inoculation constitutes an injury,[1] the court is not persuaded. To state an Eighth Amendment claim, the plaintiff must allege facts demonstrating that the defendants failed to provide for his "basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety." DeShaney v. Winnebago Dep't of Soc. Servs., 489 U.S. 189, 200

---

[1] The allegation is not a separate deliberate indifference claim. In his memorandum, the plaintiff states that his three deliberate indifference claims are (1) to be free from exposure to infectious and communicable diseases, (2) the right to be treated by qualified medical staff, and (3) the right to safe and proper diabetic care, including insulin injections. See ECF No. 75-1 at 14.

8

(1989); see also Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (only those conditions depriving inmates of the "minimal civilized measure of life's necessities" are sufficiently serious to form the basis of an Eighth Amendment claim). The court can find no authority for the proposition that receiving a precautionary test and/or innoculation is an injury cognizable under the Eighth Amendment. Thus, these measures do not support a deliberate indifference claim.

IV. CONCLUSION

The defendants' motion to dismiss [ECF No. 63] is GRANTED. The Clerk is directed to enter judgment and close this case.

It is so ordered.

Signed this 9th day of April 2018 at Hartford, Connecticut.

                                                     /s/AWT
                                         Alvin W. Thompson
                                   United States District Judge